### Application of TAFT.

Railroad & Public Utilities Commission.

December 4, 1953.

Dan A. Haynes, Miami, for the applicant.

Robert Shedden and George Bowen, both of Miami, for the telephone company.

John C. Reed, Special Assistant Attorney General, Miami, for the State.

Chairman JERRY W. CARTER and Commissioners WILBUR C. KING and RICHARD A. MACK each participated in the disposition of this case.

BY THE COMMISSION.

On September 22, 1953 the commission by its duly designated examiner, Alfred E. Sapp, held a public hearing on this application in the commission's public hearing room at 2605 W. Flagler St., Miami.

The applicant operates the Ringside Bar at 136 N. E. 54th St., Miami, selling beer, wine and sandwiches. The telephone company discontinued his telephone service June 19, 1952 for a tariff violation—unauthorized wiring rearrangements, and refused to reinstall it upon his application of June 23, 1952. The company also refused an application in the name of Marilyn Rowley, 134 N. E. 54th St., Miami (the address of an apartment in the rear of the bar where the applicant lives), upon learning that she was actually Mrs. Taft.

The unauthorized wiring rearrangements consisted of running an extension from the pay telephone in the bar to the apartment in the rear for use of a portable phone, and a push button arrangement. The setup enabled anyone in the apartment to use the telephone without paying, and to cut off the pay station.

This commission has repeatedly held that it cannot grant relief on such an application as this and our position is based on the decision of the Supreme Court of Florida in State ex rel. Railroad Commissioners v. Southern Telephone & Construction Co., 61 So. 506, wherein it was held that this commission cannot grant individual relief in matters of this kind because to do so would be to encroach upon the jurisdiction of the courts.

In the present case the applicant B. W. Taft, in 1952, brought a mandamus proceeding against Southern Bell Tel. & Tel. Co. in the circuit court of Dade County to require installation of the telephone. It is our view that the applicant must pursue his remedy in the court and not before this commission. The application is denied and the cause dismissed.